```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
GAETANO D'ATTORE,                    : 10 Civ. 6646 (WHP) (JCF)
                                     :
                                     :
            Plaintiff,               :      MEMORANDUM
                                     :      AND ORDER
      - against -                    :
                                     :
NEW YORK CITY, NEW YORK CITY         :
DEPARTMENT OF CORRECTIONS NORTHERN   :
INFIRMARY COMMAND, Corrections       :
Officer SMALLS, Shield No. 10954,    :
Corrections Officer WRIGHT, Shield,  :
No. 12756, and Corrections Officer   :
SCUDDER, Shield No. 15308,           :
                                     :
            Defendants.              :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Gaetano D'Attore brings this action pro se[1] against the City of New York (the "City"), the New York City Department of Correction, Correction Officer ("C.O.") Smalls, C.O. Wright, and C.O. Scudder.[2] The plaintiff, who is currently incarcerated by the City at Rikers Island Correctional Center, seeks damages and injunctive relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while in custody.

The plaintiff now moves pursuant to Rules 15(a) and 20(a) of

---

[1] Because Mr. D'Attore is proceeding pro se, "we read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

[2] Neither the plaintiff nor defendants' counsel has provided the first names of the individual defendants.

1

the Federal Rules of Civil Procedure for leave to file an Amended Complaint.  He seeks to add New York State, the New York State Department of Corrections, and City Correction Officer Jones, Shield No. 14827, as defendants.  He also wishes to include additional allegations concerning the defendants' violations of his constitutional rights on ten occasions not included in the original complaint.  For the reasons set forth below, the plaintiff's motion is denied in part and granted in part.

Background

The plaintiff filed his complaint on September 7, 2010.  Mr. D'Attore alleged that, while incarcerated on February 23, 2010, he was not produced for a scheduled court appearance.  (Complaint ("Compl.") at 5).  He also claimed that C.O. Smalls refused to bring him to Court on February 24, 2010. (Compl. at 5).  Finally, Mr. D'Attore claimed that, on May 5, 2010, while he was confined to a wheelchair and unable to ambulate on his own, C.O. Wright recklessly wheeled him into another detainee; C.O. Smalls allegedly laughed and said, "Good for that Cracker."  (Letter of Gaetano D'Attore ("D'Attore Letter"), attached to Compl., at 2).  All of these claims are included in the plaintiff's proposed amended complaint.

The Court ordered discovery to be completed by May 31, 2012. (Order dated Jan. 20, 2012).  On March 5, 2012, the plaintiff moved

2

to amend his complaint to add C.O. M. Scudder as a defendant, and on March 14, 2012, the City defendants consented to the plaintiff's motion provided that he only sought to replace the "John Doe" defendant in the complaint with C.O. Scudder. (Letter of Joseph A. Marutollo dated March 14, 2012, at 1-2). I therefore granted the plaintiff's motion to amend "to the extent that Correction Officer Scudder, Shield No. 15308 is substituted as defendant in place of 'John Doe - Description Male Hispanic/Black, light skin, approx. 40 years old, approx. 6'2" tall, approx. 260 lbs., salt and pepper hair (braided), handle bar mustache.'" (Order dated April 6, 2012). I further held that "[a]ny further request to amend must be accompanied by a proposed amended complaint." (Order dated April 6, 2012).

The plaintiff filed an amended complaint on May 7, 2012, but it was not accompanied by a motion seeking leave to amend. On May 16, 2012, I rejected the plaintiff's proposed amended complaint because it did not "conform to [the Court's] order dated April 6, 2012, permitting a limited amendment, and it is not accompanied by any motion to amend." (Order dated May 16, 2012). Furthermore, I held that "[the] plaintiff's delay in seeking to add a wide array of additional claims is prejudicial to [the] defendants." (Order dated May 16, 2012).

On June 1, 2012, the plaintiff filed a motion to amend the

complaint. In support of his motion, he included an affirmation with several attachments. In the proposed amended complaint, the plaintiff realleges his previous claims and then asserts that his constitutional rights were violated on ten additional dates. (Amended Complaint ("Am. Compl."), attached as Exh. 2 to Affirmation of Gaetano D'Attore dated May 28, 2012 ("D'Attore Aff."), at 4). The plaintiff alleges that he "was denied due process of law, . . . denied the right to [speedy] trial" under New York Criminal Procedure Law § 30.30, and "deprived of [his] liberty" by not being produced in court while incarcerated on November 3, 2009. (Am. Compl. at 4). He also alleges deprivation of his liberty, as well as his due process and speedy trial rights, with respect to failure to escort him to court on November 24, 2009 (Am. Compl. at 4); November 30, 2009 (Am. Compl. at 4); December 2, 2009 (Am. Compl. at 4); February 10, 2010 (Am. Compl. at 5); February 22, 2010 (Am. Compl. at 5); and February 25, 2011. (Am. Compl. at 5-6). Mr. D'Attore further asserts that he was denied due process and a speedy trial when the trial judge lied to him on January 14, 2010. (Am. Compl. at 6).[3] He claims as well that he

---

[3] The plaintiff alleges that New York Supreme Court Justice Steven L. Barrett said that "his secretary was not around[,] and he did not know where his decision was, nor did he remember his decision. This was known to the plaintiff to be a blatant lie." (Am. Compl. at 6). The plaintiff claims that this alleged falsehood caused his criminal trial to be unnecessarily adjourned, depriving him of due process and a speedy trial. (Am. Compl. at 6).

4

was denied due process and a speedy trial on July 1, 2010 and February 28, 2011 when the trial judge did not give him sufficient time to speak in his own defense. (Am. Compl. at 7-8).

The plaintiff further alleges that on February 25, 2011, he was subjected to cruel and unusual punishment through prison officials' deliberate indifference to his medical needs. (Am. Compl. at 6-7). Specifically, Mr. D'Attore claims that he was kept in a holding pen and not brought into the courtroom for such a long time that his physical disabilities caused him pain and emotional distress. (Am. Compl. at 7). The plaintiff proffers letters from Neil Hangan (Letter of Neil Hangan dated March 11, 2011, attached as Exh. B to D'Attore Aff.) and Bernard Santamorena (Letter of Bernard Santamorena dated March 11, 2011, attached as Exh. 12 to D'Attore Aff.) as evidence in support of his claims about this incident.

The plaintiff's proposed amended complaint also adds several new claims arising out of the incidents included in his original complaint. Mr. D'Attore alleges for the first time that he experienced physical pain as a result of prison officials' deliberate indifference to his medical needs on February 23, 2010 and February 24, 2010. (Am. Compl. at 5-6). He also claims for the first time that he was "discriminated against for [his] disabilities" on May 5, 2010. (Am. Compl. at 6).

Finally, the plaintiff's amended complaint seeks to add three new defendants to this case.  Mr. D'Attore now lists the State of New York and the New York State Department of Corrections as defendants but does not indicate for which alleged constitutional violations he believes them responsible.  He also names C.O. James J. Jones, Shield No. 14827, as a defendant for taking "a menacing, threatening stance towards and/or against" the plaintiff.  (Am. Compl. at 3, 9).

Discussion

    A. Standard for Amendment

A motion to amend is generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Notwithstanding the liberality of the general rule, "[t]he decision to grant or deny leave to amend rests within the discretion of the trial court."  Northern Assurance Co. of America v. Square D Co., 201 F.3d 84, 87 (2d Cir. 2000).  Regarding the use of this discretion, the Supreme Court has stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave should . . . be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation marks omitted).

Where, as here, a proposed amendment adds new parties, the propriety of amendment is governed by Rule 21 of the Federal Rules of Civil Procedure.  Michalek v. Amplify Sports and Entertainment LLC, No. 11 Civ. 508, 2012 WL 2357414, at *1 (S.D.N.Y. June 20, 2012).  That rule states that a party may be added to an action "at any time, on just terms."  Fed. R. Civ. P. 21.  In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15."  Michalek, 2012 WL 2357414, at *1  (quoting Momentum Luggage & Leisure Bags v. Jansport, Inc., No. 00 Civ. 7909, 2001 WL 58000, at *2 (S.D.N.Y. Jan. 23, 2001)); accord LSSi Data Corp. v. Time Warner Cable, Inc., No. 11 Civ. 7780, 2012 WL 933078, at *5 (S.D.N.Y. March 20, 2012); Tavares v. City of New York, No. 08 Civ. 3782, 2010 WL 234974, at *3 (S.D.N.Y. Jan. 19, 2010); Zheijian Zec Import & Export Co. v. J.C. Sussman, Inc., No. 08 Civ. 4192, 2009 WL 3786470, at *1 (S.D.N.Y. Nov. 12, 2009); Bridgeport Music, Inc. v. Universal Music Group, Inc., 248 F.R.D. 408, 412 (S.D.N.Y. 2008).  Thus, joinder will be permitted absent undue delay, bad faith, prejudice, or futility.

B. <u>Plaintiff's Proposed Amendment</u>

    1. <u>Prejudice to Defendants</u>

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." <u>Block v. First Blood Associates</u>, 988 F.2d 344, 350 (2d Cir. 1993); <u>see also</u> <u>State Teachers Retirement Board v. Fluor Corp.</u>, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, [] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend"). In determining what constitutes prejudice, courts

> generally consider whether the assertion of the new claim or defense would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."

<u>Monahan v. New York City Department of Corrections</u>, 214 F.3d 275, 284 (2d Cir. 2000) (quoting <u>Block</u>, 988 F.2d at 350).

In this case, the plaintiff filed his original complaint in September 2010, and he filed the proposed amended complaint in June 2012 -- twenty-one months later. Even assuming the plaintiff properly filed the amended complaint on his first attempt -- in May 2012 -- that would still constitute a twenty-month delay. This lengthy delay militates against granting the plaintiff leave to amend. Indeed, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing

of prejudice." <u>Block</u>, 988 F.2d at 350 (internal quotes omitted); <u>Michalek</u>, 2012 WL 2357414, at *2 (S.D.N.Y. June 20, 2012).  In fact, "[t]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 72 (2d Cir. 1990).

The plaintiff, however, has offered no explanation for the delay of nearly two years.  In fact, six of the newly added incidents took place before the first incident alleged in the original complaint.  Mr. D'Attore provides no justification for his failure to allege in his original complaint that he was not produced in court on December 2, 2009.  Similarly, he does not explain why he waited nearly two years to complain of deliberate indifference to his medical needs on February 24, 2010, even though he had already alleged denial of his right to speedy trial on that date. (Compl. at 5).  Because the plaintiff has not justified his lengthy delay in filing his amended complaint, the defendants have a diminished burden of showing that the delayed filing would prejudice them.

The defendants have carried this burden.  The City points out that, if the plaintiff's motion is granted, it will have at least two new witnesses to depose -- Neil Hangan and Bernard Santamorena -- and ten new incidents to investigate.  (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Amend at 13-16).  In

addition, the City would need to conduct further discovery into the incidents included in the original complaint because of the plaintiff's new claims of physical injury and discrimination based on his disability.  The new claims and witnesses included in the amended complaint, as the City points out, would greatly increase defendants' discovery costs and further delay resolution of this matter.  Granting the plaintiff's motion, then, would prejudice the defendants by forcing them to "expend significant additional resources to conduct discovery" and by causing "significant[] delay [in] the resolution of the dispute."  Monahan, 214 F.3d at 284.

2. Futility of Proposed Amendments

Even if the plaintiff could explain his delay in filing the Amended Complaint, his new claims are futile as a matter of law. "It is well established that '[l]eave to amend need not be granted . . . where the proposed amendment would be futil[e],'" Williams v. Citigroup Inc., 659 F.3d 208, 214 (2d Cir. 2011) (quoting Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997)), and "[a]n amendment is futile when 'it could not withstand a motion to dismiss pursuant to Rule 12(b)(6).'"  Demel v. Group Benefits Plan for Employees of Northern Telecom, Inc., No. 07 Civ. 0189, 2012 WL 1108311, at *6 (S.D.N.Y. March 30, 2012) (quoting Oneida Indian Nation v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005));

see also Jones v. New York State Division of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999) (affirming decision holding new claims presented in amended complaint futile if they would be subject to "immediate dismissal" pursuant to a 12(b)(6) motion). The proposed claims here are futile because they fail to "state[] a plausible claim for relief" supported by more than "mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (holding that a complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence of" tortious conduct).

### a. Deliberate Indifference Claims

"[A] person detained prior to conviction receives protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment," Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009), which gives prisoners the "right to be free from deliberate indifference to serious medical needs." LaBounty v. Coughlin, 137 F.3d 68, 74 (2d Cir. 1998); accord Alexander v. Galeno, No. 07 Civ. 9662, 2009 WL 3754254, at *7 (S.D.N.Y. Nov. 5, 2009).[4]  To demonstrate deliberate

---

[4] Although LaBounty and Alexander both involved alleged violations of the Eighth Amendment, "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment as it is under the Eighth Amendment." Caiozzo, 581 F.3d at 70.

indifference, a complainant must show that "the defendant official possessed a 'sufficiently culpable state of mind'" such that he "'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" Trammell v. Keane, 338 F.3d 155, 161, 164 (2d Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

The plaintiff's deliberate indifference claims fail to "state[] a plausible claim for relief." Iqbal, 556 U.S. at 679. Mr. D'Attore states that, on February 25, 2011, he was "forced to endure physical, mental, [and] emotional pains" as a result of being "held within the holding pens with DELIBERATE INDIFFERENCE" to his physical disabilities. (Am. Compl. at 7) (emphasis in original). His claim is purely conclusory, however, stating neither the length of time he was left in the holding pen nor identifying the specific corrections officers responsible for his alleged injuries. Crucially, Mr. D'Attore does not claim that any corrections officer was aware of the risk that a prolonged stay in the holding pen posed to his health. Without awareness of the risk, a prison official cannot have a "sufficiently culpable state of mind" for deliberate indifference. Farmer, 511 U.S. at 834.

### b. Denial of Access Claims

Mr. D'Attore further claims that the defendants denied him the constitutional right to due process and the right to a speedy trial under New York Criminal procedure Law ("CPL") § 30.30. He alleges

that, on seven occasions first raised in the Amended Complaint, he was not produced into court. (Am. Compl. at 4-7). The plaintiff also claims that, on two other occasions, he was deprived of due process when the trial judge gave him insufficient time to speak in his own defense. (Am. Compl. at 7-8). Liberally construed, the plaintiff's allegations can be read to claim that he was denied his constitutional right of access to the courts.

"The right of access to the courts . . . is founded in the Due Process Clause" of the Fourteenth Amendment. Wolff v. McDonnell, 418 U.S. 539, 579 (1974). However, a plaintiff must show "actual injury" to sustain a claim for denial of access to the courts. Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Melendez v. Haase, No. 04 Civ. 00073, 2010 WL 5248627, at *7 (S.D.N.Y. Dec. 15, 2010) ("The actual injury requirement . . . ensures that courts provide relief to claimants only when they have suffered or will imminently suffer actual harm.").[5] Indeed, "inmates must show 'that a nonfrivolous legal claim has been frustrated or was being impeded' due to the action or inaction of prison officials." Benjamin v. Kerik, 102 F. Supp. 2d 157, 162 (S.D.N.Y. 2000) (quoting Lewis, 518 U.S. at 353); see also Davis v. Goord, 320 F.3d

---

[5] "It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution." Lewis, 518 U.S. at 349.

346, 352 (2d Cir. 2003) (finding denial of access claim meritless where plaintiff did not allege that defendants' conduct "in any way prejudiced his legal actions.").

The plaintiff's claims of denial of access to the courts are merely conclusory and do not purport to show actual injury. Mr. D'Attore asserts that he was not produced in court by Department of Correction personnel and that he was given insufficient time to speak on his own behalf. (Am. Compl. at 4-8). However, nowhere in his amended complaint or his roughly two dozen attached exhibits does the plaintiff explain what concrete harm that caused him. He does not allege that he was ultimately unable to raise certain arguments in his defense, nor does he claim that the defendants' actions prejudiced the outcome of his trial. The plaintiff, therefore, has not proffered sufficient evidence that the defendants' conduct "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. Accordingly, the plaintiff's claim is futile as a matter of law.

### c. Racial Discrimination Claim

The plaintiff also claims that he was "racially discriminated against" on May 5, 2005. (Am. Compl. at 6). Specifically, he alleges that, when C.O. Wright was pushing him recklessly in his wheelchair, C.O. Smalls laughed and shouted "Good for that Cracker!" (D'Attore Letter at 2). Liberally construed, these

14

facts fail to make out a claim for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

"Mere verbal abuse or the use of racial slurs or epithets reflecting racial prejudice, although reprehensible, does not form the basis of a claim pursuant to [Section] 1983." Baskerville v. Goord, No. 97 Civ. 6413, 2000 WL 897153, at *3 (S.D.N.Y. July 6, 2000); see also Cole v. Fischer, 379 F. App'x 40, 43 (2d Cir. 2010) ("[V]erbal harassment, standing alone, does not amount to a constitutional deprivation . . . ."); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (holding that name-calling without "any appreciable injury" did not violate inmate's constitutional rights); Haussman v. Fergus, 894 F. Supp. 142, 149 n.20 (S.D.N.Y. 1995) ("Offensive racial statements cannot form the basis of a [Section] 1983 claim."). Mr. D'Attore claims that one of the defendants directed a racial slur at him, but he does not claim any appreciable injury flowing from the alleged mistreatment. Therefore, he has failed to make out a claim for violation of equal protection, and his proposed amendment is futile as a matter of law.

### d. Disability Discrimination Claim

Finally, the plaintiff claims that he was discriminated against on the basis of his physical disabilities. In his original

15

complaint, Mr. D'Attore alleged that, on February 24, 2010, "C.O. Smalls . . . failed to push [him] to Court, as C.O. Smalls stated that it is not her job . . . ." (Compl. at 5). The plaintiff further asserted that, on May 5, 2010, C.O. Scudder told him "that he is not wheeling [him] in [his] wheelchair" to court. (D'Attore Letter at 1). In his amended complaint, Mr. D'Attore realleges the same facts, but contends for the first time that the officers' conduct amounted to discrimination based on his disabilities. (Am. Compl. at 6). Liberally construed, the plaintiff's amended complaint claims discriminatory treatment in violation of the Equal Protection Clause of the Fourteenth Amendment.

These facts, if true, would make out a claim for an equal protection violation. See Fernandez v. DeLeno, 71 F. Supp. 2d. 224, 230 (S.D.N.Y. 1999) ("[T]o establish an equal protection violation, plaintiffs must prove purposeful discrimination . . . directed at an identifiable or suspect class." (internal citations omitted)). According to the amended complaint, Mr. D'Attore was denied the opportunity to appear in court based on his physical disabilities and nothing more. Furthermore, because the facts underlying these claims have already been subject to discovery, permitting amendment will not unduly prejudice the defendants. Therefore, the plaintiff's motion is granted insofar as he makes

explicit his claims for disability discrimination on February 24 and May 5, 2010.

Conclusion

As set forth in detail above, the plaintiff's motion for leave to file an amended complaint (Docket no. 38) is granted to the extent that he may assert claims of disability discrimination in connection with the February 24, 2010 and May 5, 2010 incidents. In all other respects, the motion is denied.

SO ORDERED.

*（signature）*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         July 18, 2012


Copies mailed this date:

Gaetano D'Attore
DIN # 10-A-5728
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

Joseph A. Marutollo, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007